423 F.3d 164
 M. Jodi RELL, Gov., State of CT, Christopher J. Dodd, USA Senator, Joseph Lieberman, USA Senator, John B. Larson, USA Representative, State of Connecticut, Plaintiffs-Appellees,
v.
Donald H. RUMSFELD, Sec. of Defense, Defense Base Closure & Realignment Comm., Anthony J. Principi, Chmm, Defense Base Closure & Realignment Comm., James H. Bilbray, Mem, Defense Base Closure & Realignment Comm., Philip Coyle, Mem, Defense Base Closure & Realignment Comm., Harold W. Gehman, Jr., Mem, Defense Base Closure & Realignment Comm., James V. Vinson, Mem, Defense Base Closure & Realignment Comm., James T. Hill, Mem, Defense Base Closure & Realignment Comm., Lloyd W. Newton, Mem, Defense Base Closure & Realignment Comm., Samuel K. Skinner, Mem, Defense Base Closure & Realignment Comm., Sue E. Turner, Mem, Defense Base Closure & Realignment Comm., Defendants-Appellants.
 Docket No. 05-4682.
 United States Court of Appeals, Second Circuit.
 Argued September 9, 2005.
 Decided September 9, 2005.
 
 Douglas N. Letter, United States Department of Justice, Civil Division, Washington, D.C. (Peter G. Keisler, Assistant Attorney General, Scott R. McIntosh, H. Thomas Byron, Appellate Staff, on the brief), for Defendants-Appellants.
 Richard Blumenthal, Attorney General, Hartford, Connecticut (Perry Zinn-Rowthorn, Assistant Attorney General, Hartford, Connecticut, of counsel), for Plaintiffs-Appellees.
 Before: CARDAMONE, McLAUGHLIN, and POOLER, Circuit Judges.
 EMERGENCY MOTION FOR STAY
 PER CURIAM.
 
 
 1
 Defendants Donald H. Rumsfeld, the Defense Base Closure and Realignment Commission (Commission) and members of the Commission bring before us an emergency motion to stay a preliminary injunction issued on September 7, 2005 by the United States District Court for the District of Connecticut (Covello, J.).
 
 
 2
 The preliminary injunction bars the Commission from forwarding to the President of the United States its recommendation to transfer A-10 aircraft assigned to the 103rd Fighter Wing of the Connecticut Air National Guard to a unit or station outside of the State of Connecticut. In granting the preliminary injunction, the district court found that the Commission's recommendation was "sufficiently final" for judicial review.
 
 
 3
 We disagree with the district court's premise. The Commission's recommendation is not a final agency action subject to judicial review, see Dalton v. Specter, 511 U.S. 462, 469-70, 114 S.Ct. 1719, 128 L.Ed.2d 497 (1994), and since no final action has yet taken place, the harm alleged by plaintiffs has not occurred. Absent final action, the declaratory judgment action instituted by various public officials of the State of Connecticut likely should have been dismissed for want of jurisdiction. Because irreparable harm may result to the defendants if the Commission's report is not transmitted to the President forthwith, see Defense Base Closure and Realignment Act of 1990, 104 Stat. 1808, as amended, note following 10 U.S.C. § 2687 (2000 ed., Supp. II); New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1351, 98 S.Ct. 359, 54 L.Ed.2d 439 (Rehnquist, Circuit Justice 1977), we grant the motion to stay the preliminary injunction pending appeal.
 
 
 4
 In holding that the Commission's recommendation does not constitute final agency action that is reviewable, we note that the State of Connecticut may have an opportunity to contest the removal of the aircraft when indeed the action becomes final, and the aircraft are in danger of imminent seizure. At that stage, the State may argue that the Commission acted in violation of 32 U.S.C. § 104(c) by not obtaining the Governor's consent prior to issuing its recommendation or otherwise acted in excess of its authority. See Pan Am. World Airways v. Civil Aeronautics Bd., 380 F.2d 770, 775-76 (2d Cir.1967), aff'd, World Airways v. Pan Am. World Airways, 391 U.S. 461, 88 S.Ct. 1715, 20 L.Ed.2d 748 (1968) (holding that the Civil Aeronautics Board exceeded its authority by issuing certain orders and allowing review despite that the President had already approved the orders). As the United States conceded, it could not then argue that the Governor should have brought this action sooner. Review at this later stage ensures both that the agency's decision is final and whatever statutory rights the Governor possesses are preserved.